```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


JAMES L. GAGAN,                    )
                                   )
          Plaintiff                )
                                   )
     v.                            )
                                   )
SBC CABLEVISION, a limited         )
partnership d/b/a SOUTH            )
HESPERIA CATV; AMERICAN            )
CABLEVISION, INC.; SBC             )
CABLEVISION EAST, a limited        )
partnership d/b/a EAST             )
HESPERIA CATV; RANCHO CUCAMONGA)
CABLEVISION, a limited             )
partnership d/b/a SOUTHEAST        )
HESPERIA; ALLWAVE CABLE            )   CAUSE NO. 2:87 cv 732
CONSTRUCTION CO., INC.; I.C.C.     )
FIFTH ASSOCIATES, a/k/a            )
HESPERIA RED, a limited            )
partnership; HESPERIA EMERALD,     )
a limited partnership; HESPERIA    )
GOLD, a limited partnership;       )
JAMES A. MONROE; HANS D.           )
THEURER; CHARLES M. TRIMBLE;       )
JAMES GOUYD; VICTOR E. SHARAR;     )
and MINOT WELD TRIPP, JR.,         )
                                   )
          Defendants               )
*****************************)
SBC CABLEVISION EAST d/b/a EAST)
HESPERIA CATV; CHARLES TRIMBLE;)
JAMES GOUYD and VICTOR SHARAR,     )
                                   )
          Cross-Claimants          )
                                   )
     v.                            )
                                   )
JAMES L. GAGAN,                    )
                                   )
          Cross-Defendant          )
```

OPINION AND ORDER

This matter is before the court on the Motion to Strike Affidavit and to Dismiss Proceedings Supplemental [DE 665] filed by the defendant, James A. Monroe, on October 16, 2012, and the Motion to Strike Reply RE Defendant's Motion to Strike & Dismiss Proceedings Supplemental as Late Filed [DE 674] filed by the plaintiff, James L. Gagan, on November 6, 2012. For the following reasons, both motions are **DENIED.**

Background

The plaintiff, James L. Gagan, received a judgment in this court against the defendant, James A. Monroe, in the amount of $1,710,000.00, plus post-judgment interest at the rate of 5.31%. Gagan has attempted to collect the judgment for over 15 years, but the judgment has not been satisfied. Gagan represents that he does not believe his current efforts will satisfy the judgment, but he suspects that Monroe has assets, income, profits, or other non-exempt property which can be applied to the partial satisfaction of the judgment. Gagan's suspicion arises from large sums of money deposited and subsequently withdrawn from Monroe's accounts with JP Morgan Chase and Ally banks. Gagan represents that these additional assets contradict Monroe's affidavit and, for this reason, requests an examination before this court. Gagan filed a motion for proceedings supplemental

and requested that the court set a hearing and order Monroe to appear in person to answer questions regarding any assets, profits, income, and other non-exempt property available to satisfy the judgment.

The court set a hearing on October 16, 2012, and on that day, Monroe's attorney filed a motion to strike the proceedings supplemental. Monroe argues that the proceedings supplemental were not commenced in accordance with Indiana law because this court lacks jurisdiction since Monroe neither resides nor has property in Indiana. Gagan also has commenced proceedings against Monroe in Arizona, where Monroe resides.

The court held a status conference on the date the proceedings supplemental were scheduled and directed Gagan to file a response to Monroe's motion to strike by October 26, 2012, and for Monroe to file his reply by November 2, 2012. At the time of the status conference, Monroe's attorney was not admitted pro hac vice and did not have access to the court's electronic filing system. He was unable to attend the status conference, and later was informed by co-counsel that he had five days to reply after receiving Gagan's response. Monroe's counsel mistakenly calculated this to be November 3, 2012. Gagan moves to strike Monroe's reply as untimely.

## Discussion

Federal Rule of Civil Procedure 6(b) states that "the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Counsel must meet the standard for excusable neglect, a two-pronged inquiry:

> First, the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second the moving party must establish that his failure to act was excusable. Whether a case of neglect was excusable is an equitable determination that must take into account all relevant circumstances surrounding the party's failure to act, including the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.
>
> ***Zingerman v. Freeman Decorating Co.***, 99 Fed.Appx 70, 72 (7th Cir. 2004) (*citing and quoting* ***Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship***, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993))

*See also* ***Jovanovic v. In-Sink-Erator Division of Emerson Electric Co.***, 201 F.3d 894, 897 (7th Cir. 2000) (finding the failure to file a timely motion requesting an extension did not meet the standard for excusable neglect). "Although attorney carelessness can constitute 'excusable neglect' . . . attorney inattentiveness

to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigation." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (*citing* *Castro v. Board of Education*, 214 F.3d 932, 934 (7th Cir. 2000); *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359—60 (7th Cir. 1997) (internal quotes and cites omitted). *See also* *In re Plunkett,* 82 F.3d 738, 742 (7th Cir. 1996) ("Missing a deadline because of slumber is fatal."). An attorney relying on excusable neglect must make a showing or argument convincing the court of his good faith failure to meet a deadline. *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th Cir. 2003).

Monroe's counsel, David H. Carmichael, explained that he intended to comply with the court ordered deadline but that he calculated the time to respond incorrectly.  Carmichael relied on Attorney Michael McIlree's statement that he had five days from receiving Gagan's response brief to file his reply brief, to which he added three days as permitted by Federal Rule of Civil Procedure 6 for filings received by mail.  Counsel determined that his reply brief was due on November 3, 2012.  Because Carmichael had not been approved to appear pro hac vice and did not have access to the court's electronic filing system, he did not receive notice that the court set a definite deadline of November 2, 2012.  Carmichael made it clear that he intended to

5

comply with the court deadline and that his failure to abide by the court's order was the result of neglect. Carmichael filed the reply brief only one day late, and because the rules did not contemplate a response by Gagan, it would be difficult to find that Gagan suffered any prejudice as a result of this minimal delay. For this reason, the court DENIES Gagan's motion to strike Monroe's reply in support of his motion to strike the proceedings supplemental.

Turning now to the merits of the motion to strike the proceedings supplemental, the parties dispute whether Gagan can proceed against Monroe because Monroe does not reside in the territorial jurisdiction of this court. Monroe argues that Indiana Code §34-55-8-2 governs proceedings supplemental and imposes certain procedural prerequisites. Indiana Code §34-55-8-2 states in pertinent part:

> If, after the issuing of an execution against property, the execution plaintiff or other person on the execution plaintiff's behalf makes and files with the clerk of any court of record of any city, county, or township an affidavit:
>
>> (1) stating to the effect that a judgment debtor, residing in the territorial jurisdiction of the court, has property, income, or profits that the judgment debtor unjustly refuses to apply toward the satisfaction of the judgment . . . the court shall issue a subpoena requiring the judgment debtor

6

> to appear before the court at a
> specified time and place, to answer
> concerning the affidavit.

Territorial jurisdiction is defined as "[j]urisdiction over cases arising in or involving persons residing within a defined territory." *Black's Law Dictionary* 931 (9th ed. 2009).

Because Monroe lives in Arizona, he does not reside within the territorial jurisdiction of this court. Monroe acknowledges that Indiana Trial Rule 69(E) extends the court's jurisdiction, but he argues that it is limited to providing continuing personal jurisdiction and does not confer either territorial or subject matter jurisdiction over the judgment debtor. For these reasons, Monroe believes that Gagan's motion for proceedings supplemental exceeds this court's jurisdiction.

Indiana Trial Rule 69(E) states in relevant part:

> Notwithstanding any other statute to the
> contrary, proceedings supplemental to execu-
> tion may be enforced by verified motion or
> with affidavits in the court where the judg-
> ment is rendered alleging generally:
>
> > (1) that the plaintiff owns the
> > described judgment against the
> > defendant;
> >
> > (2) that the plaintiff has no cause
> > to believe that levy of execution
> > against the defendant will satisfy
> > the judgment;
> >
> > (3) that the defendant be ordered
> > to appear before the court to an-
> > swer as to his non-exempt property

> subject to execution or proceedings
> supplemental to execution or to
> apply any such specified or unspec-
> ified property towards satisfaction
> of the judgment; and,
>
> (4) if any person is named as gar-
> nishee, that garnishee has or will
> have specified or unspecified non-
> exempt property of, or an obliga-
> tion owing to the judgment debtor
> subject to execution or proceedings
> supplemental to execution, and that
> the garnishee be ordered to appear
> and answer concerning the same or
> answer interrogatories submitted
> with the motion.
>
> If the court determines that the motion meets
> the foregoing requirements it shall, ex parte
> and without notice, order the judgment debt-
> or, other named parties defendant and the
> garnishee to appear for a hearing thereon or
> to answer the interrogatories attached to the
> motion, or both.

"Proceedings supplemental may be filed only in the trial court issuing the underlying judgment." ***Rice v. Com'r of the Indiana Dept. of Envir. Mgmt.,*** 782 N.E.2d 1000, 1004 (Ind. App. 2003). "The Indiana Courts have held that where a proceeding supplementary to execution is filed in the same Court, under the same title and cause number as the original action, such proceeding is regarded as a continuation of that Court's jurisdiction." ***In re Great Lakes Steel & Fabricating***, 83 B.R. 1015, 1020 (N.D. Ind. 1988). Rule 69(E) extends the jurisdiction of the court that

entered judgment through the proceedings supplemental. ***Borgman v. Aikens***, 681 N.E.2d 213, 217 (Ind. App. 1997).

Rule 69(E) was adopted after Ind. Code §34-55-8-2. The Civil Code Study Commission's comment sheds light on the intent of Rule 69(E) and states in pertinent part:

> Rule 69(E) retains the basic statutes upon [proceedings supplemental] but introduces simpler pleadings and procedure. However, this rule makes some significant changes. For one thing, the court rendering judgment retains venue or jurisdiction over proceedings supplemental, contrary to prior law which fixed venue at the defendant's residence. Relief is allowed by motion, and the order to appear in proceedings supplemental is granted ex parte without hearing, thus clarifying present procedures. Necessarily, this means that the remedy is merely a continuation of the original action both in name and in cause number.

See also ***State Farm Mutual Auto Ins. Co. v. Estep***, 873 N.E.2d 1021, 1029 (Ind. 2007).

This commentary makes clear that Rule 69 was intended to ease the burden on the judgment creditor and to allow him to determine what assets are in the judgment debtor's possession or subject to the judgment debtor's control that can be attached to satisfy the judgment in the court where the judgment was entered. See ***Estep***, 873 N.E.2d at 1029. Rule 69 grants the court continuing jurisdiction, allows the judgment creditor to file a motion in place of an affidavit, and "abrogates prior law which situated

9

venue for proceedings supplemental at the garnishee defendant's place of residence." *Stocker v. Cataldi*, 521 N.E.2d 716, 718 (Ind. App. 1988)(*citing* Civil Code Study Commission Comments, 4 W. Harvey, *Indiana Practice* at 441 (1971)).

This court entered judgment, and consistent with Rule 69(E), Gagan filed a motion for proceedings supplemental alleging the facts necessary under the Rule. Monroe contests that Ind. Code §34-55-8-2 imposes additional requirements and that Monroe also was required to file an affidavit alleging that he resides in the territorial jurisdiction of the court. However, this is contrary to the purpose of Rule 69(E) as described in the Civil Code Study Commission's commentary because it would increase the judgment creditor's burden by requiring the judgment creditor to file both a motion and an affidavit, strip the court of its continuing jurisdiction, and fix the venue in the county of the defendant's residence.

The commentary on Rule 69(E) made it clear that the rule was passed with the intent to ease the procedures for the judgment creditor by eliminating the requirement for a judgment creditor to file an affidavit. Imposing the affidavit requirement under Ind. Code §34-55-8-2 would increase the burden by requiring both a motion and an affidavit. Furthermore, the affidavit required by Ind. Code §34-55-8-2 mandates that the judgment creditor's

affidavit include that the judgment debtor resides in the county where the proceedings supplemental are to occur. The commentary explained that Rule 69(E) intended to broaden the proper venue beyond that of the judgment debtor's county of residence and permits proceedings supplemental to be filed in the court where the judgment was entered. Requiring the judgment creditor to file an affidavit that states that the judgment debtor resides in the territorial jurisdiction of the court would render this purpose futile. See *Borgman*, 681 N.E.2d at 219 (explaining that there is a presumption that the legislature did not enact a useless provision and was aware of the existing statutes covering the same topic). Additionally, Rule 69(E) intended to increase the court's jurisdiction. The proceedings supplemental are to be treated as a continuation of the original proceedings. There is nothing in the rule or applicable case law that demands that the court re-establish jurisdiction over a case which it has maintained ongoing jurisdiction.

Monroe further complains that Indiana courts have harmonized Rule 69(E) and Ind. Code §34-55-8-1 *et seq.*, and if read together, Gagan must submit an affidavit stating that Monroe resides in the territorial jurisdiction to proceed. Monroe relies on *Rice*, arguing that the court relied on both Rule 69(E) and Ind. Code §34-55-8-1 in its analysis, which indicates that

the laws must be construed together. *See Rice*, 782 N.E.2d at 1004. However, *Rice* further supports Gagan's position. The *Rice* court noted that "proceedings supplemental may be filed only in the trial court issuing the underlying judgment" and that the court rendering judgment retains jurisdiction over the proceedings supplemental. *Rice*, 782 N.E.2d at 1004.

In *Rice*, the appellee obtained a judgment in Allen County, which he domesticated and pursued in Huntington County, where the judgment debtor's real property was located. In determining that Huntington County was an appropriate county to pursue proceedings supplemental, the appellate court explained that it found no error because the appellee already knew where the appellant's property was located, and proceedings supplemental in Allen County would not have reached the property in Huntington County. Such is not the case here. Gagan does not know if Monroe has additional assets, though he suspects him to, or where those assets currently are located. Regardless, the suspected assets are kept in a national bank that has offices and officers within this court's jurisdiction. The *Rice* court indicated that if the judgment creditor needed additional discovery to determine where the assets were located, Huntington County may have been an inappropriate venue, suggesting that if additional discovery was

necessary, it should have occurred in the court that rendered the judgment. *Rice*, 782 N.E.2d at 1004.

Indiana Courts have not always found the Indiana Code to harmonize with Rule 69(E). In *Myers v. Hoover*, 300 N.E.2d 110, 112 (Ind. App. 1973), the parties disputed the statute of limitations for pursuing proceedings supplemental. Indiana Code §34-1-2-2 stated that "[t]he following actions shall be commenced within the periods herein prescribed . . . judgments of courts of record . . . within ten (10) years . . ." The court noted that at the time the statute was passed, proceedings supplemental were new, independent civil actions. *Myers*, 300 N.E.2d at 113. *See also Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 821 (Ind. App. 2005). Rule 69(E) was subsequently passed to give the court that entered judgment continuing jurisdiction and that proceedings supplemental no longer were separate causes of action. *Myers*, 300 N.E.2d at 113. The court explained that the Indiana Code suggested that the life of a judgment exceeded ten years, relying on the provision that stated: "[a]fter the lapse of ten (10) years from the entry of judgment, or issuing of an execution, an execution can be issued only on leave of court." Ind. Code §34-1-34-2. The court further relied on Indiana Code §34-1-2-14, which stated that every judgment is deemed satisfied after 20 years. *Myers*, 300 N.E.2d at 114. Because the proceedings

supplemental were a continuation of the initial proceedings, the court determined that proceedings supplemental were not a commencement of new proceedings, rendering Indiana Code §34-1-2-2 inapplicable and requiring a 20 year, rather than a 10 year, statute of limitations. *Myers*, 300 N.E.2d at 113.

Similar logic leads the court to conclude that Rule 69(E) renders the requirement that the judgment creditor file an affidavit stating that the judgment debtor resides in the territorial district inapplicable. Monroe complains that this court lacks jurisdiction because he does not reside in the territorial district as required by Ind. Code §34-55-8-2. However, Ind. Code §34-55-8-2 also applies to cases that are opened for the purpose of executing a judgment on property. The *Myers* court distinguished newly filed cases with cases subject to the court's ongoing jurisdiction, suggesting that statutes that conflict with the court's continuing jurisdiction are inapplicable. Applying Ind. Code §34-55-8-2 would impose additional requirements not contemplated by Rule 69(E) for the court to maintain jurisdiction. This would conflict with the automatic continuing jurisdiction granted by this rule. This court already has established jurisdiction, and because proceedings supplemental are an outgrowth of the original proceedings, the court does not need to re-establish jurisdiction. Rather, the proceedings are subject

to the procedural requirements established by Rule 69(E), which deals exclusively with proceedings supplemental pursued in the same court that entered judgment.

Additionally, Indiana Code §34-55-8-2 states that the affidavit, which requires a statement that the debtor resides in the territorial district of the court, must be submitted when "the judgment debtor unjustly refuses to apply [property, income, or profits] toward the satisfaction of the judgment." Gagan is not arguing that Monroe is refusing to apply property or income to the judgment, rather he is seeking information about Monroe's non-exempt assets, which he believes may be more substantial than Monroe disclosed. Until Gagan has information about Monroe's non-exempt assets, if any, he cannot assess whether Monroe is refusing to apply the assets to the judgment. Rather, at this point, Gagan is proceeding under Trial Rule 69(E) in an effort to determine what assets, if any, Monroe has that may be attached in partial satisfaction of the outstanding judgment.

Based on the foregoing reasons, Gagan was not required to submit an affidavit stating that Monroe was in the territorial jurisdiction of this court. It is sufficient that this court has retained jurisdiction under Trial Rule 69(E) to carry out the proceedings to determine what non-exempt assets Monroe has available that may partially satisfy the judgment. Therefore, the

Motion to Strike Affidavit and to Dismiss Proceedings Supplemental [DE 665] filed by the defendant, James A. Monroe, on October 16, 2012, is **DENIED,** and the Motion to Strike Reply RE Defendant's Motion to Strike & Dismiss Proceedings Supplemental as Late Filed [DE 674] filed by the plaintiff, James L. Gagan, on November 6, 2012, is **DENIED.**

ENTERED this 27${}^{\text{th}}$ day of November, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge